**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEBRA WILLIAMS**                                             **CIVIL ACTION**

**VERSUS**                                                     **NO. 25-795**

**JOSHUA CLAYTON, ET AL**                                      **SECTION "B" (1)**

**ORDER AND REASONS**

Before the Court are defendant Ben Clayton and Joshua Clayton's ("Clayton Defendants")

Motion for Summary Judgment (Rec. Doc. 60), defendant Thomas J. Hogan's ("Hogan") Motion

for Summary Judgment (Rec. Doc. 61), the Clayton Defendants' Supplemental Memorandum in

Support (Rec. Doc. 74), Hogan's Supplemental Memorandum in Support (Rec. Doc. 75),

defendant Kelvin May's ("May") Motion to Dismiss (Rec. Doc. 76) and Motion for Joinder (Rec.

Doc. 77), and plaintiff Debra Williams' ("Williams") Responses in Opposition (Rec. Doc. 79). For

the following reasons,

   **IT IS ORDERED** that the subject motions for summary judgment (Rec. Docs. 60, 61) be

**GRANTED**;

   **IT IS FURTHER ORDERED** that the subject motion for joinder and summary judgment

(Rec. Doc. 77) be **GRANTED**;

   **THEREFORE, IT IS FURTHER ORDERED** that Williams' claims against all

defendants be **DISMISSED WITH PREJUDICE**;

   **IT IS FURTHER ORDERED** that defendant May's motion to dismiss (Rec. Doc. 76) be

**DENIED AS MOOT**.

   I.    **FACTUAL BACKGROUND**

1

This case concerns plaintiff Debra Williams' challenge of alleged inadequate legal assistance she received from the Clayton Defendants, Hogan, and May (hereinafter, the "defendant attorneys"). The Court has previously detailed Williams' allegations against defendants in a previous order. *See* Rec. Doc. 58. For the purposes of this order, the Court will briefly state that Williams argues that the defendant attorneys' failure to seek judicial enforcement of subpoenas against two alleged critical witnesses—Lonnie Brewer and Brent Couvillon—caused her to lose her discrimination case against her former employer during arbitration proceedings in which the defendant attorneys represented her.

On April 22, 2025, Williams sued the defendant attorneys, alleging that these defendants engaged in legal malpractice and professional negligence (Count I), that they breached their fiduciary duty (Count II), and that they were grossly negligent and willfully indifferent (Count III). Rec. Doc. 1. On June 27, 2025, the Clayton Defendants and Hogan filed motions to dismiss Williams' complaint, arguing principally that Williams' claims were untimely. Rec. Docs. 31, 35. The Court granted the Clayton Defendants' and Hogan's motions to dismiss, subject to reconsideration upon Williams' timely filing of an amended complaint. Rec. Doc. 58. Williams amended her complaint. Rec. Doc. 62. However, the Clayton Defendants and Hogan filed motions for summary judgment before Williams amended her complaint, with Hogan adopting the arguments made in the Clayton Defendants' Motion. Rec. Docs. 60, 61. Pursuant to the Court's order, the Clayton Defendants and Hogan filed supplemental memorandums in support of their motions for summary judgment to address any new allegations in Williams' Amended Complaint. Rec. Docs. 74, 75. On March 2, 2026, May filed a motion to dismiss Williams' claims, arguing

that her claims are untimely. Rec. Doc. 76. On that same date, May filed a motion to join and adopt the pending motions for summary judgment against Williams. Rec. Doc. 77.[1]

## II.    ANALYSIS

### A.    Legal Standard

Summary judgment is appropriate when the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16

---

[1] While not dispositive here, the parties' reference to Williams' post-hearing expressions of gratitude, or the Middle District of Louisiana's refusal to vacate the arbitration decision, have questionable value. Rec. Doc. 79 at 25; Rec. Doc. 60-5 at 3; Rec. Doc. 60-7 at 6–7.

F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). Additionally, "conclusory allegations, denials, improbable inferences, unsubstantiated assertions, speculation, and legalistic argumentation do not adequately substitute for specific facts showing a genuine factual issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### B.    *Analysis*

i.    Timeliness

The parties dispute whether Williams' claims are timely under Louisiana Revised Statutes § 9:5605. The Court has addressed this question, holding that Williams' claims were time-barred because she knew, on December 7, 2023, that defendant attorneys would pursue an adverse inference rather than seek judicial enforcement of the originally issued subpoenas; despite this knowledge, she filed the above-captioned matter over a year later. Rec. Doc. 58. The Court allowed Williams an opportunity to amend her complaint to address the deficiencies that the Court noted in its Order and Reasons. *Id*. Williams has amended her complaint. Rec. Doc. 62. The Court has liberally reviewed the Amended Complaint and parties' arguments concerning the timeliness of Williams' claims. After due review and construction, the Court holds that Williams' claims remain time-barred. The Amended Complaint does not change the fact that, on December 7, 2023, she asked defendant attorneys about seeking judicial enforcement of the subpoenas and that, on that same date, defendant attorneys informed her that they would instead seek an adverse inference. Rec. Doc. 1-5. She therefore had constructive knowledge about the defendant attorney's alleged malpractice by December 7, 2023 yet failed to file this action within a year.

4

ii.    <u>Negligence</u>

Even if Williams' claims were timely, her failure to provide critical evidence in opposition to the motions for summary judgment proves fatal. Because this is a legal malpractice case, Williams must show evidence to convince the trier of fact of (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence. *Teague v. St. Paul Fire and Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So.2d 1266, 1272. Louisiana courts have explained that "[t]ypically, a plaintiff will retain an expert witness both to establish the standard of care for prudent attorneys in the relevant locality and to show the defendant's actions fell below the standard of care." *MB Indus., LLC v. CAN Ins. Co.*, 2011-0303 (La. 10/25/11), 74 So. 3d 1173, 1184. Expert testimony is not necessary "where the alleged malpractice is 'obvious' or the defendant attorney committed 'gross error.'" *Id* at 1185. If a plaintiff fails to introduce competent expert witness testimony or affidavit, "summary judgment for the defendants is proper unless the undisputed facts establish malpractice which was so obvious that a lay person would recognize it as falling beneath the necessary standard of care." *Id*.

There is no question that an attorney-client relationship existed between the defendant attorneys and Williams during the underlying arbitration proceeding. What is disputed is whether the defendant attorneys were negligent in their representation of Williams. As discussed, legal malpractice plaintiffs typically provide an expert report to establish the appropriate standard of care and whether the defendant's actions fell below the standard of care. Despite sufficient opportunity to do so, Williams has not provided any expert testimony about the appropriate standard of care. She has known, since April 2025, about her legal malpractice claims against the defendant attorneys. Rec. Doc. 1. She has known, since July 2025, that her expert reports were due by December 26, 2025. Rec. Doc. 38. Yet Williams has not filed an expert report. She did not file

5

a motion for extension of time to file an expert report until March 9, 2026—nearly three months after her expert reports were due and only weeks away April 6, 2026 trial date. Rec. Doc. 80. Despite Williams' claims about debilitating medical and health conditions between December 2025 and February 2026, Williams has shown that she was capable of filing motions and other documents into the record between that same timeframe. Rec. Doc. 91. As explained in the Court's order denying Williams's request for an extension of time to file an expert report, *pro se* plaintiffs are, like represented plaintiffs, obligated to abide by the Court's orders and rules. *Id*. Her failures here are inexcusable.

Because Williams has not provided expert testimony about the applicable standard of care, "summary judgment for the defendants is proper unless the undisputed facts establish malpractice which was so obvious that a lay person would recognize it as falling beneath the necessary standard of care." *MB Indus., LLC*, 74 So. 3d at 1185; *see also Travelers Prop. Cas. Co. of Am. v. Bossier*, No. CV 14-2176, 2016 WL 3997063, at \*9 (E.D. La. July 26, 2016) (recognizing that courts may exercise their own judgment as to the applicable standard of care when the negligence is "apparent"). The record does not show apparent negligence, gross error or obvious malpractice, or reason for a different ruling by the arbitrator.[2] It is not obvious to the Court that the decision to pursue an adverse inference, rather than seek to compel the attendance of witnesses who may not have provided testimony favorable to Williams' case, constitutes malpractice. Her opposition neither argues nor shows that any of the complained-of actions

___

[2] Additionally, Williams' appears to ignore the Middle Distrct of Louisiana's finding that she had not alleged any facts indicating that the missing witnesses had information "peculiarly within their knowledge" or that they were the "sole witnesses" or had "exclusive knowledge" about her work environment. *See* Rec. Doc. 60-7 at 6–7. Williams v. Bankers Life, etc., et al, CA # 21-293 (M.D. La. 3/24/25).

constituted gross error or obvious malpractice. As such, summary judgment in favor of defendant attorneys is proper.

While Williams complains about other negligent actions, specifically that the defendant attorneys failed to adequately research, argue, and present legal and factual support concerning adverse inferences during the underlying arbitration proceeding, this claim was raised for the first time in Williams' Opposition. *See* Rec. Docs. 62, 79. The Court may dismiss this claim because it is not properly before the Court. *See Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). While the Court can construe new allegations and theories in response to dispositive motions as motions to amend, particularly where the plaintiff is *pro se* and has not yet made any amendments to their complaint, Williams has amended her complaint. Rec. Doc. 62.  Moreover, even if the Court were to consider this claim, Williams provides no evidentiary support other than the conclusory allegations in her Opposition. There is no reference in the arbitrator's decision that the defendant attorneys did not seek an adverse inference or failed to follow some other instruction from her regarding adverse inferences. *See* Rec. Doc. 60-5 at 29–45. Additionally, Williams provides no evidence regarding the appropriate standard of care which she is required to do in a legal malpractice case. As such, summary judgment in favor of defendants on this claim is also proper.

   iii. <u>Causation</u>

Moreover, Williams has not shown that defendant attorneys' alleged malpractice caused her loss. A malpractice plaintiff "always carries the threshold burden of establishing some causal connection between the alleged negligence and the unfavorable outcome of the litigation." *Travelers Prop. Cas. Co. of Am*, 2016 WL 3997063, at *11. A malpractice plaintiff's failure to

make a *prima facie* showing of "clear negligence" causes that plaintiff's burden to be "far greater than merely establishing that it suffered 'some loss' as a result of" defendants' actions. *Id.* Here, Williams alleges that the defendant attorneys' failure to compel the attendance of Brewer and Couvillion contributed to, if not outright caused, her loss at arbitration. Rec. Doc. 62. Williams claims that these witnesses would have testified about the racially discriminatory statements they made. *Id.* Yet the arbitrator considered the alleged statements from these witnesses and concluded that "such inappropriate, isolated behavior by two employees who lack any supervisory authority over Claimant is 'not sufficiently severe or pervasive to affect a term or condition of her employment' even if it created an uncomfortable workplace environment." Rec. Doc. 60-5 at 38. In other words, these witnesses' testimony would not have changed the arbitrator's opinion.

Williams admittedly appears to argue that Brewer and Couvillion would have provided other testimony that didn't concern the discriminatory statements that they made. *See* Rec. Doc. 79 at 22 (stating that Brewer and Couvillion "were not merely individuals who allegedly made discriminatory statements" but possessed firsthand knowledge about discriminatory and retaliatory actions that Williams faced). Yet even acknowledging this argument, Williams' causation theory is entirely speculative. Williams has provided no credible evidence that these witnesses would have provided the testimony that would have benefited her case. In fact, it is notable that Couvillion informed Williams that he would execute an affidavit concerning matters relevant to this case— and presumably supportive of Williams' claims during the underlying arbitration proceeding—yet ultimately "ceased communication and has not executed the affidavit." Rec. Doc. 66-2 at 1. Other than Williams' arguments in her Amended Complaint and Opposition, there is no credible evidence about how the testimony of these witnesses would have impacted the arbitrator's

decision.[3] Courts have found that "if a malpractice plaintiff offers only a speculative theory of loss causation, the defendant is entitled to judgment as a matter of law." *Colonial Freight Sys., Inc. v. Adams & Reese, LLP*, 524 F.App'x 142, 144 (5th Cir. 2013). As such, the defendant attorneys are entitled to summary judgment on this basis as well.[4]

New Orleans, Louisiana, this 24th day of March 2026

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Williams refers to an alleged recording between herself and Couvillion wherein Couvillion made statements that may have been supporting of plaintiff's claims. Rec. Doc. 79 at 11, 23. But the recording has not been authenticated and the alleged statements are inadmissible hearsay.

[4] Williams also claims that another witness, Daniel Daugherty, was subpoenaed but did not attend the arbitration. She similarly argues that Daugherty would have provided testimony favorable to her case, particularly direct evidence that would have supported her disparate treatment claim. Rec. Doc. 79 at 21. But Williams does not mention Daugherty in her Amended Complaint. Rec. Doc. 62. Moreover, the same analysis concerning Brewer and Couvillion applies to Daugherty; specifically, Williams provides no evidence that Daugherty's testimony would have been favorable or that it would have altered the outcome of the arbitrator's opinion. In other words, her causation theory as it concerns Daugherty is also speculative.